UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

THURMAN SANDERS POLK,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 1:25-cv-1235

Hon. Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County,

Michigan. The events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues the MDOC and Officer Unknown Birdsley.

Plaintiff alleges that, upon arriving at IBC, Defendant Birdsley ordered Plaintiff to undergo a strip search, during which Defendant Birdsley also ordered Plaintiff to squat and cough. (Compl., ECF No. 1, PageID.4.) Plaintiff reports that Defendant Birdsley had a body camera and that the camera was recording during the search. (*Id.*) As relief for "be[ing] mentally effected by this whole event," Plaintiff seeks monetary damages. (*Id.*, PageID.5.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v.*

*Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Claims against the MDOC

Plaintiff names the MDOC as a Defendant. However, § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Courts have long held that the MDOC is not a "person" within the meaning of § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), and holding that the MDOC is not a "person" for purposes of § 1983). For this reason alone, Plaintiff's complaint fails to state a § 1983 claim upon which relief may be granted against the MDOC.

### B. Claims Against Defendant Birdsley

Plaintiff's allegations against Defendant Birdsley concern a strip search upon Plaintiff's arrival to IBC. The Court will liberally construe Plaintiff's allegations as raising claims for violation of his Fourth and Eighth Amendment rights.

3

1.     **Fourth Amendment Claims**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Both the Supreme Court and the Sixth Circuit have recognized that prisoners and detainees may be subjected to strip searches and body-cavity searches without individualized suspicion. *See Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 333–34 (2012) (rejecting requirement of reasonable suspicion before visual search of body cavities of inmates admitted to general jail population); *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 575 (6th Cir. 2013) ("[S]uspicionless strip searches [are] permissible as a matter of constitutional law . . . ."); *see also Salem v. Mich. Dep't of Corr.*, 643 F. App'x 526, 529 (6th Cir. 2016). Nevertheless, strip searches "may be unreasonable by virtue of the way in which [they are] conducted." *Williams v. City of Cleveland*, 771 F.3d 945, 952 (6th Cir. 2014) (holding that allegations that female prisoners were forced to sit on unsanitary chair and spread their labia in full view of other prisoners were sufficient to state Fourth Amendment claim) (citing *Stoudemire*, 705 F.3d at 574).

Here, Plaintiff has not identified anything about the strip search that would render it unreasonable under the Fourth Amendment standard. Plaintiff alleges that, during the search, Defendant Birdsley ordered Plaintiff to squat and cough. However, in *Florence*, the Supreme Court held that strip searches performed during the jail intake process, including those requiring detainees to cough in a squatting position, are reasonable and, therefore, do not violate the Fourth Amendment. *Florence*, 566 U.S. at 339. Accordingly, the Court will dismiss Plaintiff's Fourth Amendment claims.

2.     **Eighth Amendment Claims**

The Eighth Amendment limits the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of

4

decency." See *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981); *see also Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)).

Plaintiff claims that Defendant Birdsley subjected him to the aforementioned strip search, causing Plaintiff to "forever be mentally effected." (Compl., ECF No. 1, PageID.5.) The Court notes that the Sixth Circuit has held that an Eighth Amendment claim regarding a strip search is not cognizable when the plaintiff has not alleged any physical injury from the search. *See Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010); *Harden–Bey v. Rutter,* 524 F.3d 789, 795 (6th Cir. 2008)). Here, Plaintiff does not allege that he sustained any physical injury as a result of Defendant Birdsley's conduct. Therefore, the Court will dismiss Plaintiff's Eighth Amendment claims.

### 3.     Recording the Strip Search

Plaintiff mentions that Defendant Birdsley's body camera remained on during the strip search. The fact that the search may have been recorded does not give rise to a Fourth or Eighth Amendment violation. The Sixth Circuit has held that employing a camera to document the lawful strip search of an inmate does not violate either amendment. *See Hubbert v. Myers*, 4 F.3d 994 (6th Cir. 1993) (unpublished table decision) (affirming summary judgment against plaintiff who alleged that defendants conducted strip search videotaped by female employee); *see also*

*McGibbon v. Stephenson*, No. 22-12167, 2023 WL 8543146, at *3 (E.D. Mich. Dec. 11, 2023) ("The law is clear that the mere act of videorecording a strip search does not violate an inmate's constitutional rights."); *Mallory v. Bolton*, No. 3:19-cv-P120, 2019 WL 5789947, at *7–8 (W.D. Ky. Nov. 6, 2019) (collecting cases).

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this Opinion will be entered.

Dated: October 30, 2025                    /s/ Hala Y. Jarbou
                                           HALA Y. JARBOU
                                           CHIEF UNITED STATES DISTRICT JUDGE